William A. Delgado (Bar No. 222666)
wdelgado@willenken.com
WILLENKEN WILSON LOH & DELGADO LLP
707 Wilshire Blvd., Suite 3850
Los Angeles, California 90017
Telephone:  (213) 955-9240
Facsimile:   (213) 955-9250

Attorneys for Defendant
SEARS ROEBUCK & CO.

Stephen M. Doniger (Bar No. 179314)
stephen@donigerlawfirm.com
DONIGER / BURROUGHS APC
300 Corporate Pointe, Suite 355
Culver City, CA 90230
Telephone: (310) 590-1820
Facsimile: (310) 417-3538

Attorneys for Plaintiff
STAR FABRICS, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STAR FABRICS, INC., a California Corporation,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>SEARS ROEBUCK AND CO., a New York Corporation; THE MAMIYE GROUP, a New York Corporation; FAMOUS LABELS, a Nevada Corporation,,<br><br>　　　　　Defendants. | Case No.: CV12-2583-GW (JEMx)<br><br>**STIPULATED PROTECTIVE ORDER**<br><br>Assigned to the Hon. George H. Wu |

In connection with the production of confidential documents and other confidential information in this action, Plaintiff Star Fabrics, Inc. ("Star Fabrics") and Defendants Sears Roebuck and Co. ("Sears"), through their respective counsel (collectively, the "Parties" or individually, "Party"), hereby enter into this Stipulated Protective Order for Confidential Treatment of Documents or Information (the "Stipulated Protective Order").

**I.     GOOD CAUSE STATEMENT**

The Court may enter a protective order upon a showing of good cause. *Phillips v. G.M. Corp.*, 307 F.3d 1206, 1209 (9th Cir. 2002) (Rule 26(c)).  Here, there is good cause for the entry of this protective order.  Plaintiff is a textile converter that provides fabric printed with art designs to garment manufacturers. Defendant Sears is a national retailer of various products including clothing. Plaintiff has filed copyright infringement claims against Sears with respect to certain garments that Plaintiff alleges violate its copyrighted designs.

The Parties anticipate producing certain information and documents in this matter that are sensitive, including confidential financial information related to the design, manufacture, costs and sales of various garments.  The use of such information should be limited to this litigation.  It should not be disclosed to the public as disclosure would be harmful to the Parties.  To prevent disclosure of this information, the parties have agreed to this protective order.

**II.    PURPOSE OF THIS PROTECTIVE ORDER**

The purpose of this Stipulated Protective Order is to provide a means for limiting access to and use and disclosure of Confidential Documents or Information that are produced in this action.  Any unauthorized disclosure of Confidential Documents or Information in violation of this Order may be subject to discipline by the contempt powers of this Court.

## III. DESIGNATION OF "CONFIDENTIAL DOCUMENTS OR INFORMATION"

The Parties may designate such documents or information as "Confidential" in accordance with the following procedures:

### A. Criteria for Classification

#### 1. *"Confidential" Designation*

Either Party may designate documents or information as "Confidential" if it has a reasonable good faith belief that the disclosure of said documents or information absent the protections of this order will have the effect of causing harm to the producing party's competitive position or privacy interests because the documents or information embody (a) confidential financial records or information including balance sheets, profit and loss statements, cash flow statements, bank records, expense reports (including invoices, receipts, and checks), payments, agreements, licenses, and sub-licenses; (b) sensitive personal information including social security numbers and other identifying information; (c) confidential employment information including payment information; and (d) proprietary financial models and marketing plans.

### B. Time of Designation

Unless otherwise agreed between counsel for the Parties, the designation of Confidential Documents or Information shall be made at the time of the production of documents or information.

### C. Manner of Designation

The designation of Confidential Documents or Information shall be made in the following manner:

1. For documents, by placing the notation "Confidential" on each page of such document;

2. For tangible items, including any documents or information produced on magnetic disks or other computer related media, by placing the notation

"Confidential" on the object and, if applicable, on the container thereof or if such are not practicable, as otherwise agreed by the Parties. In the event either Party generates any "hard copy" or printout from any "Confidential Material," that Party must immediately stamp each page "Confidential," and the hard copy or printout shall be treated as "Confidential Information pursuant to this Stipulated Protective Order."

3.  For deposition testimony, by noting on the record that information is "Confidential" either at the time the deposition is taking place or within ten (10) business days after delivery of the transcript.

### D. Retroactive Designation

1.  Inadvertent production of any Confidential Documents or Information without a designation of confidentiality will not be deemed to waive a later claim as to confidentiality or privilege, or prevent the Party claiming said confidentiality from re-designating such documents or information as "Confidential" or promptly after discovery of the inadvertent production and written notice to the other party.

2.  Within ten (10) business days after production or deposition testimony, any Party may retroactively designate (or withdraw a designation) of Confidential Documents or Information under paragraphs III(B) and (C), above, regarding any material that it has produced, provided, however, that such retroactive designation (or withdrawal) shall be in accordance with the terms of this Order. Such retroactive designation (or withdrawal) shall be accomplished by notifying counsel for the non-designating Party in writing of such retroactive designation (or withdrawal). Upon receipt of any such written re-designation, counsel (i) shall not make any further disclosure or communication of such retroactively designated material except as provided for in this Order; (ii) shall take reasonable steps to notify all persons known to have possession of any retroactively designated material of the effect of such re-designation under this Order; and (iii) shall take reasonable steps to procure all copies of such

retroactively designated material from any persons known to have possession of any such retroactively designated material who are not entitled to receipt under this Order.

### E.  Resolution of Disputes Regarding Designation

If either Party, at any time, wishes to have the "Confidential" designation of any particular Confidential Documents or Information removed or changed, that Party shall first request in writing that the Party having made the designation at issue change its designation. If the designating Party disagrees, thereafter, the Parties shall meet and confer and make good faith efforts to resolve the dispute.

If the designating Party refuses to agree to remove or change the designation, then the Party requesting that the designation be changed shall request the Court for a decision. At all times during the process of challenging a designation, the Parties shall treat the designated material as originally designated until a change is agreed upon or the request is decided by the Court.

### F.  Designation of Third Party Documents.

Documents and/or information produced by a third party in response to a subpoena or during deposition in the course of this litigation may involve receipt of information, documents, things or testimony which include, contain or comprise protected information that may or may not be appropriate for "Confidential" designation under this Order. Unless otherwise agreed in writing between counsel for the parties, documents and information so produced by a third party shall be treated as follows: First of all, all such documents and information shall automatically be deemed to be and shall be treated as "Confidential" for five (5) business days following their actual receipt by both counsel for Plaintiff and counsel for Defendants in this action, in order to enable each such counsel to determine whether in their view any protected information is embodied therein. If no designation of the information as "Confidential" by a Designating Party is received by a non-Designating Party within five (5) business days after said

production, then the information will not be protected by this Protective Order except pursuant to subsequent designation by a Party hereto or pursuant to a subsequent agreement of the Parties or Court order.  If, however, a written designation of "Confidential" is made by a Designating Party and is received by a non-Designating Party within five (5) business days after said production of documents or information by the non-party, then the information will be subject to this Protective Order and will be deemed to be "Confidential" as requested by the Designating Party; provided, however, that the designation may be challenged in the manner set forth in Section III. E, *supra*.

Lastly, to the extent third party documents or information contains information that is confidential and/or proprietary to the third party, said third party can avail itself of the protections set forth in this Order and designate documents and/or information it produces accordingly by executing this Order and agreeing to be bound by its terms.

## IV. PERSONS TO WHOM CONFIDENTIAL DOCUMENTS OR INFORMATION MAY BE DISCLOSED

### A. Disclosure of Documents or Information Designated as "Confidential"

Documents or Information designated as "Confidential" may be disclosed and copies may be provided only to:

1. Counsel of record and in-house counsel for the Parties.
2. Expert witnesses or consultants retained by the Parties or their respective counsel in connection with this action who have complied with paragraph IV(D), below;
3. Outside court reporting services and court reporters as may be reasonably necessary in connection with the preparation or conduct of this action;
4. This Court and its personnel, or any other tribunal of competent jurisdiction having involvement in this matter and its personnel; and

5. Any mediator or arbitrator selected by the Parties to mediate or arbitrate this action.

6. Representatives of the Parties.

**B.   Additional Authorized Disclosure of Documents or Information Designated as "Confidential"**

Notwithstanding anything to the contrary in paragraphs IV(A) or IV(B) above, particular Confidential Documents or Information that have been designated as "Confidential" may be disclosed and copies may be provided:

1. To Persons who are explicitly named on the document as the authors or addressees or to persons who may be shown to be an author or recipient or intended recipient of any particular document;

2. To any other persons with the prior written consent of the designating Party; and

3. To any other persons with the prior authorization of this Court or any other tribunal of competent jurisdiction having involvement in this matter.

4. If a document designated as "Confidential" to the conduct or affairs of a potential witness, the Party's counsel of record may discuss such conduct or affairs with such person without revealing the existence of the document, or its authors or source.

**C.   Disclosure to Experts or Consultants**

Prior to disclosing or providing copies of any Confidential Documents or Information to any expert or consultant pursuant to paragraphs IV(A) or IV(B), above, the Parties shall first obtain the agreement of the expert, consultant or anyone else to whom such disclosure will be made to be bound by the terms of this Stipulated Protective Order as set forth in the attached "Acknowledgment and Agreement To Be Bound." Specifically, the expert or consultant shall acknowledge that, during the course of his or her retention, the expert or consultant may have access to, and become acquainted with Confidential Documents or

Information, which are regularly used in the operation of the businesses of the designating Party and in which the designating Party has an expectation of confidentiality.  The expert or consultant shall agree not to disclose such Confidential Documents or Information, directly or indirectly, to any person or entity not subject to this Stipulated Protective Order or use them in any way outside the specific scope of his/her retention as an expert witness in this action, or at any time thereafter.

      **D.**    **Return of Confidential Documents or Information by Experts and Consultants**

Confidential Documents or Information disclosed to any expert or consultant may be retained by such expert or consultant provided that such expert or consultant subsequently destroys any and all copies of such Confidential Documents or Information upon the termination of their engagement.

**V.**    <u>**USE OF CONFIDENTIAL DOCUMENTS OR INFORMATION**</u>

      **A.**    **Use of Confidential Documents or Information Generally**

Confidential Documents or Information shall only be used by the Parties, their respective agents, and any other persons to whom such Confidential Documents or Information may be disclosed pursuant to this Stipulated Protective Order: (1) in this action; (2) as otherwise compelled by lawful process (provided the designating Party is given a reasonable notice to object); or (3) to law enforcement or as otherwise required by law.  Notwithstanding the foregoing, nothing in this Stipulated Protective Order shall prevent or limit the designating Party from disclosing Confidential Documents or Information they so designate.

      **B.**    **Use of Confidential Documents or Information in the Conduct of this Action**

      1.    Confidential Documents or Information may be used by counsel for the non-designating Party in good faith in connection with litigating this action,

provided that the Confidential Documents or Information are protected pursuant to the terms and conditions of this Stipulated Protective Order.

2. The terms of this Stipulated Protective Order do not apply to evidence presented at court proceedings and/or trial in this matter. Any protective measures relating to Confidential Documents or Information should be taken up with the judicial officer conducting the particular proceeding at the appropriate time.

3. If either Party seeks to file pleadings, motions, or other documents with this Court that contains the other Party's Confidential Documents or Information, it may do so only if: (a) reasonably necessary to the proceeding; and (b) the filing Party applies to the Court to file such documents under seal pursuant to and in the manner set forth in Local Rule 79-5.1.

## VI. RETURN OF CONFIDENTIAL DOCUMENTS, TESTIMONY, OR INFORMATION

Upon written request after the final conclusion of this action, the Parties shall:

A. Return to the other Party or destroy any and all Confidential Documents or Information so designated by that Party and all copies thereof in its possession, custody and control, except that one set of such Confidential Documents or Information may be retained by counsel for archival purposes;

B. Ensure that all Confidential Documents or Information in the possession, custody or control of any permitted parties or third parties are returned to the designating Party; and

C. Destroy all notes, memoranda or other documents (collectively "Notes") that contain excerpts from any of the Confidential Documents or Information, except that one such set of Notes may be retained by counsel for archival purposes. Notwithstanding the foregoing, attorney work product, attorney-client communications, and information derived from Confidential

1  Documents or Information may be retained by the non-designating Party and its
2  counsel.

## VII. PUBLIC DOCUMENTS

None of the restrictions set forth in this Stipulated Protective Order shall apply to any documents or other information that become public knowledge by means not in violation of the provisions of this Stipulated Protective Order. Nothing in this Stipulated Protective Order shall prevent either Party from using any information that it properly possessed prior to receipt of any Confidential Documents or Information from the designating Party or that is discovered independently by the non-designating Party. The terms for the treatment of Confidential Documents or Information pursuant to the Stipulated Protective Order shall be effective only upon the entry of this Stipulated Protective Order.

## VIII. NO PROBATIVE VALUE

This Stipulated Protective Order shall not aggregate or diminish any contractual, statutory or other legal obligation or right of any party or person with respect to any Confidential Documents or Information. The fact that information is designated "Confidential" under the Stipulated Protective Order shall not be deemed to be determinative of what a trier of fact may determine to be confidential or proprietary. This Stipulated Protective Order shall be without prejudice to the right of any party to bring information before this Court, regardless of (a) whether any particular material is or is not Confidential, or (b) whether any particular information or material is or is not entitled to a greater or lesser degree of protection under the terms of this Stipulated Protective Order, provided that in doing so, the party complies with the procedures set forth herein. The fact that any information is disclosed, used, or produced in any proceeding in this action shall not be offered in any other action or proceeding before this or any other Court, agency or tribunal as evidence of or concerning whether or not such information is admissible, confidential or proprietary.

## IX. NO IMPLIED WAIVER OF ADMISSION

No party shall be obligated to challenge the proprietary of any designation of "Confidential" information, and the failure to do so shall not constitute a waiver or otherwise preclude a subsequent challenge to the designation.

## X. MODIFICATION OF THIS STIPULATED PROTECTIVE ORDER

The Parties hereto may modify the terms of this Stipulated Protective Order by further stipulation. However, no modification by the parties shall have the force or effect of a court order unless the Court approves the modification. Alternatively, any party hereto may seek an order of this Court to modify the terms of this Stipulated Protective Order. Any motion seeking such modification must be served upon all counsel of record and filed in accordance with this Court's filing procedures.

//
//
//
//
//
//
//
//
//
//
//
//
//
//
//
//

## XI. EXECUTION AND COUNTERPART

This Stipulated Protective Order may be executed in one or more counterparts, each of which shall be deemed to be an original, but all of which together shall constitute one and the same instrument. Facsimile signatures shall be binding upon the Parties hereto and may be submitted and considered as originals.

**SO STIPULATED.**

                                                Respectfully submitted,

Dated: September 10, 2012      DONIGER / BURROUGHS APC

                                                By: */s/ Annie Aboulian*
                                                     Stephen M. Doniger, Esq.
                                                     Annie Aboulian, Esq.
                                                     Attorneys for Plaintiff
                                                     STAR FABRICS, INC.

Dated: September 10, 2012      WILLENKEN WILSON LOH & DELGADO LLP

                                               By: */s/ William A. Delgado*
                                                     William A. Delgado
                                                     Attorneys for Defendant
                                                     SEARS ROEBUCK & CO.

IT IS SO ORDERED.

Dated: 9/17/12                           */s/John E. McDermott*
                                                   The Honorable John E. McDermott

## **Acknowledgment and Agreement To Be Bound**

I hereby acknowledge that I may receive information designated as "Confidential" from counsel to a party to this action. I hereby certify my understanding that such information will be provided to me pursuant to the terms and restrictions of the Stipulated Protective Order Re: Confidentiality that has been entered by the Court; that I have been given a copy of, and have read and understand, such Stipulated Protective Order Re: Confidentiality; that I agree to be bound by the terms thereof; and that I irrevocably submit to the personal jurisdiction of the Court in connection with any proceeding to enforce the Stipulated Protective Order Re: Confidentiality that may involve me.

ACKNOWLEDGED AND AGREED:

Name:
_____

Address:
_____

Employer:
_____

Title:
_____

Dated:
_____